**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-7802**

_____

SAMUEL ELLIS,

Plaintiff - Appellant,

v.

KENNETH LASSITER; BETTY BROWN; BRYAN WELLS,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:18-ct-03046-BO)

_____

Submitted:  May 3, 2021                                    Decided:  May 25, 2021

_____

Before GREGORY, Chief Judge, WILKINSON, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Samuel Ellis, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Ellis appeals the district court's order dismissing his complaint filed under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 (RLUIPA), pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii), as moot or for failure to state a claim. Ellis argues on appeal that the district court erred in dismissing his claims premised on the confiscation of his "Wiccan Bible"; North Carolina Department of Public Safety's ("NCDPS") policies requiring a quorum and outside volunteer or inmate faith leader for group religious gatherings; and NCDPS' policies prohibiting certain items or allowing for synthetic substitutes.[1] We affirm in part, vacate in part, and remand for further proceedings.

"We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). "To survive a motion to dismiss under that rule, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Ellis' claims proceed under both RLUIPA and the First Amendment. "At the first stage . . . for both claims the plaintiff must show that the prison's policies imposed a

---

[1] Because Ellis does not challenge the denial of his retaliation claims in his informal brief, he has forfeited appellate review of those claims. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to those issues preserved in that brief.").

substantial burden on his exercise of sincerely held religious beliefs." *Wright v. Lassiter*, 921 F.3d 413, 418 (4th Cir. 2019). A "substantial burden" is

> one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, or one that forces a person to choose between following the precepts of [his] religion and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of [his] religion on the other hand.

*Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (alterations, citation, and internal quotation marks omitted). "When deciding whether the prison's practice substantially burdens a religious exercise, courts must not judge the significance of the particular belief or practice in question." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted).[2]

As an initial matter, the district court correctly determined that Ellis' claims seeking changes in policy at Pender Correctional Institution ("Pender") or declaratory relief based on incidents that occurred there, were mooted by his release. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Moreover, compensatory damages are not available under RLUIPA. *Wall v. Wade*, 741 F.3d 492, 496 n.5 (4th Cir. 2014).

---

[2] Because the district court found that Ellis did not state a claim that any of the alleged actions substantially burdened his right to religious exercise, and because the district court dismissed Ellis' complaint prior to requiring a response from Defendants, we do not advance to the second step of the RLUIPA/First Amendment analysis by asking "whether [Defendants proved that] the prison's policies [were] justified despite the burden they impose[d]." *Wright*, 921 F.3d at 418.

Regarding Ellis' remaining claims under § 1983 insofar as he sought compensatory damages for incidents that occurred at Pender and his RLUIPA claims premised on NCDPS' policies, our review of the record leads us to conclude that Ellis sufficiently stated a § 1983 claim with respect to the confiscation of his "Wiccan Bible"; § 1983 and RLUIPA claims with respect to the quorum and inmate faith helper/outside volunteer requirements; and § 1983 and RLUIPA claims with respect to the denial or synthetic substitutes of various religious items. Accordingly, we vacate the district court's judgment with respect to these claims, affirm with respect to Ellis' remaining claims, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*